<table>
<tr><td>79</td><td>15</td></tr>
<tr><td>88</td><td>845</td></tr>
</table>

## Richmond.

COUNTY COURT OF GLOUCESTER v. COUNTY COURT OF MIDDLESEX.

March 20, 1884.

CONSTRUCTION OF STATUTES—*Counties—Bridges and Causeways—Case at Bar.*—A run divides G. and M. counties, and a swamp lies in M. adjacent to the run. County court of M., under sec. 30, ch. 181, Acts 1874-75, notified county court of G. of the necessity of a bridge over the run, and of a causeway over the swamp. Latter concurred as to the necessity, and appointed commissioners to confer with commissioners appointed by former. The commissioners, also, concurred as to the necessity; but those of G. thought the causeway should be made at the sole expense of M., and so reported, and their report was confirmed. Then county court of G. refused to appoint commissioners to unite with those of M. in letting the causeway to contract. Thereupon, county court of M applied to the circuit court of G. for a *mandamus.* County court of G. demurred.

HELD:

    1. That section provides only for a bridge *or* a causeway between two counties, and not for a bridge between the counties *and* a causeway wholly in one county, though adjacent and necessary to the bridge.

    2. G. county was under no obligation to aid in making the causeway, and in such a case a *mandamus* should be denied.

Error to order of circuit court of Gloucester county, entered 15th August, 1883, awarding, on the petition of the county court of Middlesex county, a writ of *mandamus* commanding the county court of Gloucester county to appoint commissioners, to unite with commissioners already appointed by the county court of Middlesex, in receiving proposals for building a causeway over the Dragon Run swamp. The run separates said

counties. The swamp lies adjacent to the run, but wholly within Middlesex. Opinion states the case.

*M. Jones, Ro. McCandlish,* for the plaintiff in error.

*T. G. Jones, H. R. Pollard,* for the defendant in error.

HINTON, J., delivered the opinion of the court:

This is a writ of error to an order entered by the Honorable J. M. Jeffries, judge of the circuit court of Gloucester county, awarding a peremptory writ of *mandamus,* commanding the county court of that county to appoint commissioners to unite with commissioners appointed by the county court of Middlesex in receiving proposals for the building of a causeway, to extend from the foot of a bridge to be jointly built and maintained by the counties of Gloucester and Middlesex over Dragon Run, a stream which separates these counties from each other to high ground. And the question we have to determine is whether the county of Gloucester can be required to contribute to the cost of building and maintaining this causeway, which, it is conceded, will be located entirely within the county of Middlesex.

Section 30, of chapter 181, of the Acts of Assembly for 1874–75, provides that "the court of one county may notify the court of another that a road is necessary from the line of the former to a place in the latter, or that a *bridge or causeway* is necessary over a place between the two counties"; and then goes on to provide how the work shall be let out and done, if the court, to which such notification is sent, shall concur in the necessity therefor. But this section of the statute affords no ground for the contention of the defendant in error, that the county of Gloucester must pay part of the expense of building the causeway in question as well as the bridge. The language of the act is, the court of one county may notify the court of another that a bridge *or* causeway is necessary, and not that a

. bridge *and* causeway are necessary; and we fail to see any thing, either in the act itself, or in any recognized public policy, which would justify the latter reading. On the contrary, the recurrence of the words "bridge or causeway," in the 31st section of the same act, and the entire failure to refer to the word "causeway" in the 32d section, show, conclusively, that it was not intended by the legislature to superadd the building of a causeway to the building of the bridge. The legislature well knew that it had been customary for all the counties of the state to build and maintain the bridges and causeways within their respective limits, and we are bound to presume that if the legislature had designed to change this well-established custom, and to impose upon the adjacent county, in cases like the one under consideration, a portion of the expense of maintaining the causeway, as well as the bridge, it would have said so in explicit terms, and not have left its meaning in doubt. In strictness, there is no such thing as "a place between two counties," but it often happens that there is in the line of the road, from one county to a place in another, just where the road crosses the dividing line between those counties, that there is a stream or other impassable space of ground lying partly within the limits of each county which will need either a bridge or a causeway to render it fit for the use of the citizens of both counties, by whom it will be mainly traveled; and it was for such a case as this, manifestly, that the statute was intended to provide, by imposing the expense of building and maintaining the bridge or causeway, either the one or the other, as the case might require, jointly upon both counties, and this, for the obvious reason, that the legislature thought it was just and equitable that both counties in such cases should be proportionately charged with the maintenance of the highway, which was to be used in common, if not equally, by the citizens of both counties.

Having thus disposed of the case, it becomes unnecessary for us to inquire into the other question discussed at bar, whether

a *mandamus* can be issued in cases of this kind by the judge of the circuit court in vacation, under the provision of section 4, chapter 165, Code 1873, or can only be issued by the circuit court in term-time, under the 32d section of chapter 181 of the Acts 1874–75, since it will sufficiently appear, from what has been already said, that this was not a proper case for the issuance of the writ in any event. We are all of opinion that the judgment of the circuit court of Gloucester is erroneous and must be reversed, that the writ of *mandamus* must be discharged, and the petition be dismissed.

JUDGMENT REVERSED.